IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CELESTE LUCERO,**

    **Plaintiff,**

  **vs.**                                                                          **Civ. No. 17-965 SCY**

**ANDREW SAUL,**
**Commissioner of Social Security,**[1]

    **Defendant.**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion For Order Authorizing Attorney Fees Pursuant To 42 U.S.C. § 406(B) And Supporting Memorandum, filed May 19, 2020. Doc. 33. The Commissioner did not file a separate response. Plaintiff, however, indicates that the Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions. To the extent the Court requires a response, the Commissioner has no objection to the petition in this case. Doc. 33 at 2; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, []he plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Plaintiff's Motion and the relevant law, the Court finds Plaintiff's Motion is well taken and is **GRANTED**.

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

Celeste Lucero instituted an action in this Court seeking judicial review of her denied disability claim. Doc. 1. The Court reversed and remanded to the Social Security Administration for a rehearing. Doc. 24. The parties subsequently filed a Stipulation For Award Of Attorney Fees Pursuant To The Equal Access To Justice Act, 18 U.S.C. § 2412. Doc. 28. The Court awarded $5,000.00 in attorney fees, payable to Plaintiff but mailed to Plaintiff's counsel. Doc. 29.

On August 5, 2019, an Administrative Law Judge issued a final administrative decision, which was fully favorable to Ms. Lucero. Doc. 33-1 at 1-14. The Agency subsequently sent a Notice of Award indicating Ms. Lucero's past-due benefit amounts. Doc. 33-1 at 15-20. The Agency noted that it was withholding 25 percent of this amount, or $19,731.25, in order to pay an approved representative's fee. Doc. 33-1 at 17-18.

Ms. Lucero's attorney, Michael Armstrong Law Office, LLC, now seeks $13,731.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1), and argues that this amount is well within the 25% of past-due benefits statutorily authorized for attorney fees for representation in court proceedings. Doc. 33 at 1.

## LEGAL STANDARD

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. See 42 U.S.C. § 406(a), (b).

For representation in the administrative proceedings, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a

determination favorable to the claimant." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id*., while considering several factors. *See Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process). For fees received pursuant to a fee agreement for work before the Agency, attorneys may currently receive a maximum award of the lesser of $4,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A).[2]

For representation in court proceedings, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the Agency and in court—for example, fees pursuant to the EAJA and § 406(b)—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if

---

[2] Although the statute initially set a maximum amount of $4,000, it also gave the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009.)

they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## **REASONBLENESS DETERMINATION**

Ms. Lucero's counsel's fee request is reasonable. First, counsel filed the fee request within a reasonable time.[3] Second, there is no evidence that counsel delayed in the proceedings before this Court. Third, counsel's representation was more than adequate and yielded a fully favorable decision. Last, counsel's fee request is not disproportionately large in comparison to the amount of time spent on the case. Counsel represents he spent 30.9 hours on the case in

---

[3] The Notice of Award is dated April 21, 2020 and the present motion was filed within the month. Doc. 33-1 at 15.

federal court, which translates into an hourly rate of $444.38. Doc. 33 at 4, 7. This rate is much higher than the Court would normally award for hourly work. Counsel for Ms. Lucero, however, represents that he does "no hourly work," Doc. 33-1 at 28 (Affidavit of Michael D. Armstrong), so there is no basis for comparison. Additionally, the Court is appreciative of the high risk involved in Social Security litigation for plaintiffs' counsel in general and recognizes that this award is in line with others authorized in this District under 406(b). *Ferguson v. Barnhart*, No. 02-cv-823 KBM (D.N.M. May 31, 2006) (hourly rate of $516.60); *Valdez v. Barnhart*, No. 00-cv-1777 MV/LCS (D.N.M. Nov. 8, 2005) (hourly rate of $645.16); *Montes v. Barnhart*, No. 01-cv-578 BB/KBM (D.N.M. Dec. 3, 2004) (hourly rate of $701.75); *Valdez v. Saul*, No. 18-cv-444 CG (D.N.M. Sept. 17, 2019) (hourly rate of $787.00). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. The Court hereby authorizes **$13,731.25** in attorney fees for legal services rendered in the United States District Court, payable to Michael Armstrong Law Office, LLC, to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that Plaintiff's counsel will refund to Ms. Lucero the EAJA fee previously awarded by this Court in the amount of $5,000.00, or, if applicable, only such portion of the EAJA fee not subject to offset under the Treasury Offset Program.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**